Douglas A. Pettit, Esq. SBN 160371
Heather A. Rogers, Esq., SBN 316795
Dominic A. Velloze, Esq., SBN 360318
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
11622 El Camino Real, Suite 300
San Diego, California 92130
Telephone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: dpettit@pettitkohn.com
hrogers@pettitkohn.com
dvelloze@pettitkohn.com

Attorneys for Defendant
**THE JOINT CORP.**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA - FRESNO**

| | |
|---|---|
| GISELA GONZALEZ MERICAL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE JOINT CORP.,<br><br>Defendant. | CASE NO.: 1:26-cv-00974-KES-SAB<br><br>CLASS ACTION COMPLAINT<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT THE JOINT CORP.'S MOTION TO DISMISS**<br><br>**ORAL ARGUMENT: July 8, 2026**<br>TIME: 10:00 a.m.<br><br>Courtroom: Room 6, 7th floor<br>District Judge: Hon. Kirk E. Sherriff<br>Magistrate Judge: Hon. Stanley A. Boone<br>Complaint Filed: February 04, 2026<br>Trial Date: Not set |

Defendant, THE JOINT CORP., hereby submits its Supplemental Brief following the July 8, 2026, oral arguments on Defendant The Joint Corp.'s Motion to Dismiss (ECF No. 8).

///

///

///

# I. INTRODUCTION

The overarching failure of Plaintiff GISELA GONZALEZ MERICAL's ("Plaintiff") Complaint rests on her abject lack of Article III standing. Plaintiff, having claimed nothing more at issue than basic contact information, fails to allege the collection or disclosure of any information in which she has a cognizable privacy interest. Nonetheless, if Plaintiff is granted leave to amend to cure this clear defect, such amendment would be futile because Plaintiff's claims that Defendant THE JOINT CORP. ("Defendant") violated Federal Wiretap Act, California Invasion of Privacy Act ("CIPA") § 631(a) and § 632 are not plausible on their face.[1]

Courts in this Circuit continue to scrutinize the application of Federal Wiretap Act and CIPA to internet communications, holding firmly that while the first clause of CIPA § 631(a) does not apply to internet communications, its remaining clauses apply only when specifically and sufficiently plead.[2] Furthermore, courts in this Circuit have held the presumption that internet-based communications do not give rise to the confidential communications required at issue by CIPA § 632. See *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 747 (N.D. Cal. 2023). For the reasons stated below, Plaintiff cannot and will not be able to sufficiently state a claim for relief for her Federal Wiretap and CIPA claims if granted leave to amend. Accordingly, leave to amend in this case is futile and should not be granted.

---

[1] Plaintiff's final cause of action, Count IV for Invasion of Privacy under California's Constitution, while not the subject of this supplemental brief, warrants a brief footnote here. If granted leave, Plaintiff will not be able to amend her allegations to sufficiently assert a claim for relief under this cause of action because The Joint Corp's website simply does not allow her to access or transmit any information that could give rise to a "highly offensive" intrusion into a protected privacy interest. See section C below for further discussion regarding the scope of features available on The Joint Corp's website.

[2] Because the analysis for a violation of CIPA is the same as that under the Federal Wiretap Act, they are discussed in parallel within this supplemental brief. See *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051 (N.D. Cal. 2018) (citation omitted).

## II. LEGAL ARGUMENT

### A. Courts Have Declined to Apply CIPA to Internet Communications and Continue to Scrutinize the Application of CIPA to Internet Communications More Broadly.

Section 631(a) of CIPA contains three clauses which prohibit "distinct and mutually independent patterns of conduct." *Tavernetti v. Super. Ct.*, 22 Cal. 3d 187, 192, (1978)). "These three patterns of conduct include (1) intentional wiretapping; (2) attempting to learn the contents or meaning of a communication in transit over a wire; and (3) attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Doe v. Veradigm, LLC*, Case No. 25-cv-10147, 2026 U.S. Dist. LEXIS 148445, at *13 (N.D. Ill. July 6, 2026) (quoting *Valenzuela v. Nationwide Mut. Ins. Co*., 686 F. Supp. 3d 969, 975 (C.D. Cal. 2023) (internal quotations and citations omitted).

The first clause of Section 631(a) expressly requires that the unauthorized "connection" be made with "any telegraph or telephone wire, line, cable, or instrument." Cal. Penal Code § 631(a); *In re Google Assistant Privacy Litig.,* 457 F. Supp. 3d 797, 825-26 (N.D. Cal. 2020); accord *Matera v. Google Inc*., Case No. 15-CV-04062-LHK, 2016 U.S. Dist. LEXIS 107918, 2016 WL 8200619, at *18 (N.D. Cal. Aug. 12, 2016) (explaining that "the first clause" of § 631(a) is "limited to communications passing over 'telegraph or telephone' wires, lines, or cables").

Plaintiff's Complaint makes the broad assertion that CIPA § 631(a) applies to "new technologies" such as the internet. Courts in this Circuit, however, have repeatedly held that "[t]he plain language of the first clause of Cal. Pen. Code § 631(a) expressly limits the scope of the statute to "telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system." *Casillas v. Six Flags Ent. Corp*., 812 F. Supp. 3d 1016, 1031 (C.D. Cal. 2025).

///

*Castillas* followed the concurrence issued several months earlier in *Gutierrez v. Converse Inc*., Case No. 24-4797, 2025 U.S. App. LEXIS 16844, at *3 (9th Cir. July 9, 2025), wherein Justice Bybee states, "[CIPA] as passed in 1967, focuses on the wiretapping of telegraph or telephone wires—it criminalizes, as relevant here, the wiretapping of a telephone call" rather than internet communications. Justice Bybee went on to state, "If the California legislature wanted to apply §631(a) to the internet, it could do so by amending that provision or adding to CIPA's statutory scheme." *Id* at *5.[3] Like in *Casillas* and *Gutierrez*, Plaintiff's Complaint alleges internet communications rather than telephonic communications, therefore, the first clause of Cal. Pen. Code § 631(a) categorically does not apply as a basis upon which relief can be granted. See *Casillas,* 812 F. Supp. 3d at1031.

Beyond the first clause of Section 631(a), recent cases in this Circuit, and in California State Courts, show a growing reticence to apply the remaining clauses of Section 631(a) to internet communications based on review of the legislative intent of the statute. This is on full display in *Doe v. Eating Recovery Ctr. LLC,* 806 F. Supp. 3d 1109, 1112 (N.D. Cal. 2025), which, like Plaintiff's Complaint, involved allegations of a company's use of third-party tracking software on its website to perform targeted advertising and data analytics. The court in *Doe v. Eating Recovery* remarks in no uncertain terms that "The language of CIPA is a total mess. It was a mess from the get-go, but the mess gets bigger and bigger as the world continues to change and as courts are called upon to apply CIPA's already-obtuse language to new technologies." In discussing the legislative intent of CIPA, the court went on to discuss that the ambiguity of the statue warrants its narrow application, stating,

///

[3] Even preceding Justice Bybee's concurrence in *Gutierrez*, courts have interpreted the first clause of Section 631(a) as applicable only to communications over telephones and not communications over the internet. See *Swarts v. Home Depot, Inc*., 689 F. Supp. 3d 732, 743 (N.D. Cal. 2023) (citing to *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 U.S. Dist. LEXIS 230732, at *6 (affirming that the first section of 631(a) does not apply to the context of the internet) (internal quotations omitted)).

> Indeed, there is reason to question whether the Legislature intended for CIPA to apply to the type of conduct implicated by this case at all. Recall that CIPA was enacted in 1967. Its language—with words like "read" and "intercept" and "in transit" – is ill-suited for application to internet communications. The Legislature has never, in over four decades, amended Section 631 to adapt its language to the digital age. And California has since adopted other statutes that more clearly speak to the practice of data sharing. See Cal. Civil Code § 1798.100 et seq. (California Consumer Privacy Act).
>
> *Id*. at 1118-19.

The court further acknowledges in its decision that CIPA's ". . . statutory language was drafted with very different technology in mind, and it does not map properly onto the internet." *Id*. at 1117.

Beyond discussing the legislative intent of CIPA, the court in *Doe v. Eating Recovery* cautions that CIPA should be narrowly construed stating, "[t]here is an even more important reason to avoid reading the second clause of Section 631(a)—and, for that matter, any portion of CIPA—too broadly: it is a criminal statute." *Id* at 1118. According to the court, "When courts are called upon to interpret ambiguous criminal statutes in California, the rule of lenity applies—even when the statute is being invoked in a civil action." *Id*. at 1112. Citing *Harrott v. Cty. of Kings*, 25 Cal. 4th 1138, 1154 (2001); see also *Bittner v. United States*, 598 U.S. 85, 103, 143 S. Ct. 713, 725 (2023) (stating that lenity and "common sense" favors strict construction and applies when a "disputed statutory provision has both criminal and noncriminal applications.")

///

///

///

///

///

Similarly, a claim under § 632 bears many similarities to a claim under the Federal Wiretap Act. See, e.g., *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 954 (N.D. Cal. 2014) ("Because NovelPoster is unable to allege a violation of the Wiretap Act, it is also unable to allege a violation of CIPA."). In particular, it covers only (1) "confidential communications" and (2) "intentional" conduct. A communication is confidential if one of the parties "has an objectively reasonable expectation that the conversation is not being overheard or recorded." *In re Meta Pixel Healthcare Litig.*, 647 F.Supp.3d 778, 798 (N.D. Cal. 2022).

As courts within this Circuit have routinely recognized, California has long held a presumption that Internet communications do not give rise to the reasonable expectation of privacy. *Brown v. Google LLC*, 685 F.Supp.909, fn. 35 (N.D. Cal 2023); *Revitch v. New Moosejaw, LLC*, Case No. 18-cv-06827, 2019 U.S. Dist. LEXIS 186955 (N.D. Cal., Oct. 23, 2019). To wit, courts have also dismissed § 632 claims pursuant to this presumption. *Revitch*, 2019 U.S. Dist. LEXIS 186955 (N.D. Cal., Oct. 23, 2019) (dismissing, with prejudice, a CIPA § 632 pursuant to California's presumption that internet communications are not confidential within the meaning of § 632); *Campbell v. Facebook Inc.*, 77 F.Supp.3d 836 (N.D. Cal. 2014). In fact, as recently as earlier this year, courts in this Circuit have found that online communications cannot form the basis for a CIPA § 632 claim, as they are not confidential communications. *Luminate Home Loans, Inc. v. Better Mortg. Co.*, Case No. Case No. 24-cv-02251, 2026 U.S. Dist. LEXIS 8478 at *58 (S.D. Cal., Jan. 14, 2026).

This trend has also been recognized in California State Court. A recent landmark decision in the Los Angeles Superior Court, *Blaker v. NetScout Systems, Inc.*, 2026 WL 1709143 (2026) ("*NetScout*"), reveals a growing trend in narrowly applying and interpreting the legislative intent of other CIPA statutes to preclude their application to internet communications. The court *NetScout* determined that CIPA § 638.51 does not apply to internet communications, stating, "The internet was

in widespread use when these provisions were enacted in 2015. If the Legislature had intended for section 638.51 to apply to commercial websites, it would have so stated either in the statute itself or in the surrounding materials." Similarly, in *Rodriguez v. Ink Am. Int'l Grp. LLC*, 2025 Cal. Super. LEXIS 84257, *7-8, the court stated that Section 638.51's "structure and history indicate that its pen-register provisions were aimed at telephonic-style surveillance, not at the routine operation of commercial websites or analytical software."

As the sheer number of wiretap litigation increases, courts will be faced with the difficulty of applying the unwieldy decades old statutory scheme of CIPA and the Federal Wiretap Act to internet privacy claims. In doing so, as in this case, they will have to weed out those claims which, like Plaintiff's, which fails to adequately state a claim under those statutes upon which relief can be granted.[4]

**B. Leave to Amend is Futile as Plaintiff Cannot Allege Facts to Find Article III Standing or Survive a 12(b)(6) Motion.**

Notwithstanding Plaintiff's counsel's assertion at the recent July 8, 2026, hearing on Defendant's Motion to Dismiss that Plaintiff's Complaint does not require amendment, leave to amend is futile because Plaintiff will be unable to plead allegations to adequately establish Article III standing or state a claim upon which relief can be granted.

Simply put, the features of The Joint Corp's website are so limited in scope that Plaintiff will not be able to plead an injury in fact that is sufficiently concrete

[4] A survey of national filings in wiretap litigation found that, "2025 saw a marked increase in the number of web tracking wiretap litigation filed. A review of filing data on CasePortal shows approximately 1,050 litigations brought in 2025 asserting some wiretap claim involving a web tracking technology, a nearly 10% increase compared to 2024."
Bryan, Kristin, *Reviewing 2025's Most Pertinent Wiretap Developments*, Law 360, Dec. 18, 2025. https://www.law360.com/articles/2423310/reviewing-2025-s-most-pertinent-wiretap-developments.

and particularized to give rise to subject matter jurisdiction in this case. See *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). This is true because no interactions with The Joint Corp's website allow for the disclosure or interception of PHI or PII. The Joint Corp's website's $29 New Patient Special requests a customer's zip code, name, email address, phone number, and clinic of choice. All of this is "record information" in which Plaintiff has no cognizable privacy interest. See *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) relying on *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014).

The Ninth Circuit has held that record information does not constitute "contents" necessary to state a claim under the Wiretap Act. According to the Court, "contents," "refers to the intended message conveyed by the communication and does not include record information regarding the characteristics of the message that is generated in the course of the communication." *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1199 (S.D. Cal. 2024) citing *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014) (quoting 18 U.S.C. §2703(c) which describes "record information includes, among other things, the 'name,' 'address,' and 'subscriber number or identity of 'a subscriber to or customer of such service,' but not 'the contents of communications.'") According to the Ninth Circuit, the term "contents" of a communication under CIPA has the same meaning as the parallel term in the Federal Wiretap Act. *Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d at 1115 (Citations omitted.) As addressed by the court in Doe, "The Wiretap Act defines the contents of a communication as "any information concerning the substance, purport, or meaning of that communication." Id. (quoting 18 U.S.C. § 2510(8).) In *Doe v. Eating Recovery*, the plaintiff's URLs were deemed contents in that they "reveal[ed] that [she] researched anorexia, explored treatment options and locations, and at least clicked through to a self-assessment form." *Id*. at 1116.

As Plaintiff alleges in her Complaint, The Joint Corp's website's $29 New Patient Special requests a customer's zip code, name, email address, phone number,

and clinic of choice. Compl. ¶ 10. This was the **only** information that Plaintiff alleges she provided on the website. *Id*. All of this is "record information" in which Plaintiff has no cognizable privacy interest. See *Mikulsky v. Noom, Inc*., 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) relying on *In re Zynga Privacy Litig*., 750 F.3d 1098, 1106 (9th Cir. 2014). Further, for the reasons stated above, there are no allegations Plaintiff can allege to state a claim for relief for her Federal Wiretap and CIPA claims.

To date, Plaintiff has not set forth any indication she is able to or otherwise intends to amend her Complaint to add *any* additional facts. See Opp'n at § III(F) (requesting leave to amend *only* to allege additional facts regarding Plaintiff's consent). Defendant's Motion to Dismiss raised numerous other arguments, including Plaintiff's lack of standing and failure to state a claim beyond simply Plaintiff's consent. Plaintiff's Opposition is notably silent as to any additional facts she could provide so as to allege either standing or how she would survive any of Defendant's failure to state a claim arguments. In fact, at the recent July 8, 2026, hearing on Defendant's Motion to Dismiss, Plaintiff, by and through her counsel, asserted that her Complaint does not require amendment Without identification of any information in which Plaintiff has a cognizable privacy interest, granting Plaintiff leave to amend her Complaint would be futile. See *Revitch*, 2019 U.S. Dist. LEXIS 186955 at *7.

///

///

///

///

///

///

///

///

///

## III. CONCLUSION

For the foregoing reasons, Defendant, The Joint Corp., respectfully requests that this Honorable Court grant its Motion to Dismiss without leave to amend.

PETTIT KOHN INGRASSIA LUTZ & DOLIN PC

Dated: July 15, 2026 By: *s/ Heather A. Rogers*

Douglas A. Pettit, Esq.
Heather A. Rogers, Esq.
Dominic A. Velloze, Esq.
Attorneys for Defendant,
**THE JOINT CORP.**
dpettit@pettitkohn.com
hrogers@pettitkohn.com
dvelloze@pettitkohn.com

# CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT THE JOINT CORP.'S MOTION TO DISMISS**

was/were served on this date to counsel of record:

[X] **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Sarah N. Westcot, Esq.
Stephen A. Beck (Admitted *Pro Hac Vice*)
**BURSOR & FISHER, P.A.**
701 Brickell Avenue, Suite 2100
Miami, Florida 33131
Tel: (305) 330-5512
Fax: (305) 679-9006
Email: swestcot@bursor.com
sbeck@bursor.com
Assistant Diego A. Rivera drivera@bursor.com
**Attorneys for Plaintiff**
**GISELA GONZALEZ MERICAL**

**Lawrence Timothy Fisher**
**Bursor and Fisher, PA**
1990 N. California Blvd.
Suite 940
Walnut Creek, CA 94596
925-300-4455
Fax: 925-407-2700
Email: ltfisher@bursor.com
**Attorneys for Plaintiff**
**GISELA GONZALEZ MERICAL**

Executed on **July 15, 2026,** at San Diego, California.

*s/ Rachel I. Gomez*