**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (admitted *pro hac vice*)
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
E-mail: swestcot@bursor.com
sbeck@bursor.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GISELA GONZALEZ MERICAL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

THE JOINT CORP.,

Defendant.

Case No. 1:26-cv-00974-KES-SAB

**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN RESPONSE TO ECF NO. 21**

Action Filed: February 4, 2026

Plaintiff Gisela Gonzalez Merical ("Plaintiff") submits this supplemental briefing pursuant to the Court's July 8, 2026, Order. (ECF No. 21). On July 8, 2026, the Court heard arguments on Defendant's motion to dismiss. The Court requested supplemental briefing regarding Plaintiff's wiretapping claims under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511, and the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631, 632. (ECF No. 21).

This case concerns Defendant The Joint Corp.'s use of undisclosed tracking technologies embedded on its online appointment-scheduling website to intercept and disclose Plaintiff's full name, phone number, email address, and appointment for chiropractic care to Google, Microsoft, TradeDesk, and TikTok, without her knowledge or consent. (Compl. ¶¶ 24, 34–36, 211).

California courts have consistently applied the ECPA and CIPA to internet-based communications.[1] *See Javier v. Assurance IQ, LLC,* 2022 WL 1744107, at *1 (9th Cir. May 31, 2022) ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications."); *Cheung v. Slickdeals, LLC*, 2026 WL 1872831 (C.D. Cal. June 29, 2026) (denying motion to dismiss ECPA claim predicated on interception of website communications via tracking pixels); *Gilligan v. Experian Data Corp.*, 2026 WL 32259 (N.D. Cal. Jan. 6, 2026) (plaintiff stated a claim for wiretapping under the ECPA and CIPA); *Adair v. Aylo USA Inc.*, 2026 WL 1455464 (C.D. Cal. May 19, 2026) (holding third-party tracking technologies sufficient to plausibly allege real-time interception under CIPA § 631(a)); *In re Meta Android Priv. Litig.*, 2026 WL 1279416 (N.D. Cal. May 11, 2026) (same, as to Wiretap Act and CIPA interception claims); *Goldstein v. Rumble Inc.*, 2026 WL 1406766 (C.D. Cal. Apr. 24, 2026) (same, as to interception under CIPA); *Allison v. PHH Mortg.*, 2026 WL 1353827 (N.D. Cal. May 14, 2026) (holding website-tracker disclosure of financial data sufficient to invoke the crime-tort exception under the Wiretap Act); *Garcia v. Truist Fin. Corp.*, 825 F. Supp. 3d 1149, 1166–68 (C.D. Cal. 2026) (holding plaintiff stated ECPA and CIPA §§ 631(a), 632(a) claims where a bank's embedded tracking tag intercepted and disclosed loan-applicant data to LinkedIn).

[1] To the extent Defendant suggests there is a new "trend" of state court cases to the contrary, Defendant relies on authority relating to Cal. Penal Code § 638.51—a claim not presently before the Court.

This is especially true when the communications concern health information, including the scheduling of medical appointments. *See Campbell v. Select Med. Corp.*, No. 2:25-cv-11408-MCS-PD, ECF No. 22, at 4–9 (C.D. Cal. July 14, 2026) (denying motion to dismiss ECPA and CIPA claims where defendant's website tracking technologies intercepted and disclosed plaintiff's physical-therapy appointment bookings to Google); *Gliksman v. Healthline Media, LLC*, 2026 WL 1908082 (N.D. Cal. July 2, 2026) (holding plaintiff established Article III standing based on allegations that defendant's tracking pixels disclosed his health-related browsing activity to TikTok and Microsoft); *Lynch v. Express Scripts Holding Co.*, 2026 WL 1749550 (N.D. Cal. June 17, 2026) (holding Facebook Pixel interception of health data sufficient for Wiretap Act and CIPA § 631(a) claims); *Doe v. Talkiatry Mgmt. Servs., LLC*, 816 F. Supp. 3d 1206 (C.D. Cal. 2026) (holding that Meta Pixel interception of the contents of website communications was adequate to state a CIPA § 631(a) claim).

Courts across the country follow this trend. *See Doe v. Veradigm, LLC*, 2026 WL 1948471, at *3–7 (N.D. Ill. July 6, 2026) (holding tracking-tool interception sufficient to state ECPA and CIPA claims); *Podraza v. Nourish, Inc.*, 2026 WL 1078554 (N.D. Ill. Apr. 20, 2026) (denying motion to dismiss ECPA and CIPA claims where tracking pixels intercepted and transmitted sensitive appointment information); *McClain v. Capital Vision Servs., LLC*, 2026 WL 710926 (N.D. Ill. Mar. 13, 2026) (same); *Theys v. Dental Intelligence, Inc.*, 2026 WL 636743 (N.D. Ill. Mar. 6, 2026) (same); *Hannant v. Culbertson Mem'l Hosp. Found.*, 2026 WL 777296 (C.D. Ill. Mar. 19, 2026) (holding that trackers intercepting and disclosing patient treatment information stated a claim under ECPA § 2511(1)); *Doe v. Baystate Health Sys., Inc.*, 2026 WL 776861 (D. Mass. Mar. 19, 2026) (same); *Doe v. Children's Hosp. Corp.*, 2026 WL 1893758, at *1–2 (D. Mass. July 1, 2026) (holding that tracking pixels intercepting and disclosing patients' portal activity and medical-related searches plausibly fell within ECPA's crime-tort exception); *Yates v. Evernorth Health, Inc.*, 2025 WL 4699407 (E.D. Pa. Dec. 10, 2025) (denying motion to dismiss ECPA and WESCA claims where tracking technologies on a medical-scheduling website intercepted the contents of plaintiff's communications); *Camm v. Reach Fin., LLC*, 2026 WL 861670, at *8–9 (S.D.N.Y. Mar. 30, 2026) (holding plaintiffs stated a CIPA § 631(a) aiding-and-abetting claim where defendant configured tracking pixels to capture and transmit users' sensitive loan-application data); *Baker v. Index*

*Exchange Inc.*, 2026 WL 1734901, at *4–8 (N.D. Ill. June 16, 2026) (holding an ECPA claim stated where real-time-bidding and cookie-syncing technology intercepted website communications and shared data with a foreign-linked company); *Dawson v. Univ. of Phoenix, Inc.*, 2026 WL 92248 (N.D. Ill. Jan. 13, 2026) (holding an ECPA claim stated on a procurement theory, where defendant procured third parties via embedded tracking pixels to intercept website communications, even though defendant was itself a party to those communications); *Freifeld v. Epsilon Data Mgmt., LLC*, 2026 WL 1759012 (N.D. Ill. June 15, 2026) (denying motion to dismiss ECPA and CIPA § 631 claims, holding a third-party tracker was not a "party" to intercepted communications and that browsing history and purchase data constituted "contents"); *Cobbs v. PetMed Express, Inc.*, 824 F. Supp. 3d 1257 (S.D. Fla. 2026) (holding that embedded tracking software intercepting form entries, button clicks, and full-string URLs revealing prescription information stated ECPA and CIPA wiretap and eavesdropping claims); *In re BPS Direct, LLC; Cabela's, LLC Wiretapping Litig.*, 175 F.4th 423, 431–33 (3d Cir. 2026) (holding plaintiffs who entered payment information captured by tracking code adequately alleged a concrete injury under the Wiretap Act). This Court should do the same.

Dated: July 15, 2026

**BURSOR & FISHER, P.A.**

By: <u>/s/ *Sarah N. Westcot*</u>
Sarah N. Westcot

Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (admitted *pro hac vice*)
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
E-mail: swestcot@bursor.com
sbeck@bursor.com

*Counsel for Plaintiff*