Douglas A. Pettit, Esq. SBN 160371
Heather A. Rogers, Esq., SBN 316795
Dominic A. Velloze, Esq. SBN 036824
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
11622 El Camino Real, Suite 300
San Diego, California 92130
Telephone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: dpettit@pettitkohn.com
hrogers@pettitkohn.com
dvelloze@pettitkohn.com

Attorneys for Defendant
**THE JOINT CORP.**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA - FRESNO**

GISELA GONZALEZ MERICAL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

THE JOINT CORP.,

Defendant.

CASE NO.: 1:26-cv-00974-KES-SAB

CLASS ACTION COMPLAINT

**DEFENDANT THE JOINT CORP.'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**

Courtroom: Room 6, 7th floor
District Judge: Hon. Kirk E. Sherriff
Magistrate Judge: Hon. Stanley A. Boone
Complaint Filed: February 04, 2026
Trial Date: Not set

Defendant The Joint Corp. ("Defendant") hereby submits its Objection to Magistrate Judge's Finding and Recommendations. (ECF No. 25).

While Defendant agrees with the vast majority of Magistrate Judge Boone's findings and recommendations, Defendant submits this narrow objection on the sole issue that leave to amend should not be granted if this Court grants Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). If this Court dismisses Plaintiff Gisela Gonzalez Merical's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Defendant respectfully requests this Court do so without granting leave

to amend for the following reasons.

## I. INTRODUCTION

Rule 15 permits a Plaintiff to amend the complaint by leave of court or by written consent of the adverse parties. Fed. R. Civ. P. 15(a)(2). In considering whether to allow a Plaintiff to amend a complaint, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Indeed, "[f]utility alone can justify the denial of a motion for leave to amend." *Id*.

In determining futility, the court must focus on the Fed. R. Civ. P. 12(b)(6) standard and whether Plaintiff "can allege a plausible series of facts such that they might be able to state a valid claim." *Id*., citing *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1561 (9th Cir. 1987). A court can dismiss without leave to amend if "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 956 (N.D. Cal. 2017).

## II. LEGAL ARGUMENT

### A. Leave to Amend is Futile as Plaintiff Cannot Allege Facts to Survive a Subsequent 12(b)(6) Motion.

Notwithstanding Plaintiff's counsel's representation at the July 8, 2026, hearing on Defendant's Motion to Dismiss that Plaintiff's Complaint does not require amendment, leave to amend is futile because Plaintiff will be unable to plead allegations to state a claim upon which relief can be granted.

Simply stated, the features of The Joint Corp's website are so limited in scope that Plaintiff will not be able to plead any additional facts necessary to state a claim upon which relief can be granted. This is true because no interactions with The Joint Corp's website allow for the disclosure or interception of private health information ("PHI") or personally identifiable information ("PII"). The Joint Corp's website's

$29 New Patient Special, which is at the center of Plaintiff's allegations, requests only a visitor's zip code, name, email address, phone number, and clinic of choice. None of this information constitutes PII or PHI.

To date, in opposition to Defendant's Motion to Dismiss, Plaintiff has not indicated that she is able to or otherwise intends to amend her Complaint to add *any* additional facts. (ECF No. 10, p. 18) (discussing leave to amend *only* with respect to alleging additional facts regarding Plaintiff's consent to Defendant's privacy policy and terms and conditions). Defendant's Motion to Dismiss raised numerous other arguments beyond Plaintiff's consent to Defendant's privacy policy and terms and conditions, including Plaintiff's failure to state a claim for each of her alleged causes of action. Plaintiff's Opposition is notably silent as to any additional facts she could allege to overcome the deficiencies to her Complaint, each of which are discussed by Magistrate Judge Boone in his Findings and Opinions.

Very simply, Plaintiff has failed to indicate that any additional factual information exists, and, at the July 8, 2026, hearing on Defendant's Motion to Dismiss, Plaintiff, by and through her counsel, represented that her Complaint does not require amendment. Therefore, granting Plaintiff leave to amend her Complaint would be futile. *Revitch v. New Moosjaw, LLC*, Case No. 18-cv-06827, 2019 U.S. Dist. LEXIS 186955 at *7 (N.D. Cal., Oct. 23, 2019).

///

///

///

///

///

///

///

///

///

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully submits its narrow objection to Magistrate Judge Boone's findings and recommendations on the singular issue that leave to amend should not be granted if this Court grants Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant respectfully requests this Court deny leave to amend should it grant Defendant's Motion to Dismiss on the basis of Fed. R. Civ. P. 12(b)(6). Defendant otherwise requests that this Court adopt the Magistrate Judge Boone's Findings and Recommendations Recommending Granting Defendant's Motion to Dismiss.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: August 17, 2026

By: */s/ Heather A. Rogers*

Douglas A. Pettit, Esq.
Heather A. Rogers, Esq.
Dominic A. Velloze, Esq.
Attorneys for Defendant
**THE JOINT CORP.**
dpettit@pettitkohn.com
hrogers@pettitkohn.com
dvelloze@pettitkohn.com

## CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

**DEFENDANT THE JOINT CORP.'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**

was/were served on this date to counsel of record:

[x] **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Sarah N. Westcot, Esq.
**BURSOR & FISHER, P.A.**
701 Brickell Avenue, Suite 2100
Miami, Florida 33131
Tel: (305) 330-5512
Fax: (305) 679-9006
swestcot@bursor.com
sbeck@bursor.com>
Assistant Diego A. Rivera drivera@bursor.com
**Attorneys for Plaintiff**
**GISELA GONZALEZ MERICAL et al**

Executed on **August 17, 2026**, at San Diego, California.

*/s/Rachel I. Gomez*
Rachel Gomez