**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (admitted *pro hac vice*)
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
E-mail: swestcot@bursor.com
sbeck@bursor.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GISELA GONZALEZ MERICAL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

THE JOINT CORP.,

Defendant.

Case No. 1:26-CV-00974-KES-SAB

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**

Judge: Hon. Kirk E. Sherriff

Action Filed: February 4, 2026

# TABLE OF CONTENTS

PAGE(S)

INTRODUCTION ..... 1

STANDARD OF REVIEW ..... 2

ARGUMENT ..... 3

I. PLAINTIFF ADEQUATELY ALLEGES ARTICLE III STANDING ..... 3

A. Defendant Disclosed Information Concerning Plaintiff's Appointment for Chiropractic Care ..... 3

B. The F&R Weighed The Allegations Rather Than Accepting Them ..... 5

C. The F&R's Distinctions Do Not Hold ..... 6

II. PLAINTIFF STATES A CLAIM UNDER THE ECPA ..... 7

A. The Crime-Tort Exception Does Not Require A HIPAA Predicate ..... 7

B. Plaintiff's ECPA Claim Does Not Depend On Her State-Law Claims ..... 8

III. PLAINTIFF STATES A CLAIM UNDER CIPA SECTION 631 ..... 8

A. Plaintiff Proceeds Under The Second And Third Clauses, Not The First ..... 8

B. Section 630 Forecloses The F&R's Reading ..... 9

C. Doe v. Eating Recovery Center Dicta Is Not Dispositive As To Clause Two ..... 9

D. The F&R's Remaining Authority Is Non-Precedential Or Inapposite ..... 10

E. Plaintiff Alleges "Contents" Read "In Transit" ..... 11

IV. PLAINTIFF STATES A CLAIM UNDER CIPA SECTION 632 ..... 12

V. PLAINTIFF STATES A CLAIM FOR INVASION OF PRIVACY UNDER THE CALIFORNIA CONSTITUTION ..... 13

VI. PLAINTIFF REQUESTS THE COURT TO ADOPT THE REMAINING PORTIONS OF THE F&R ..... 14

CONCLUSION ..... 15

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 3

*Beltran v. Drs. Med. Ctr. of Modesto*,
2025 WL 1635467 (E.D. Cal. June 9, 2025) .......... 6

*Blaker v. NetScout Sys., Inc.*,
2026 WL 1709143 (Cal. Super. Ct. May 26, 2026) .......... 11

*Bowen v. Energizer Holdings, Inc.*,
118 F.4th 1134 (9th Cir. 2024) .......... 6

*Brayfield v. Advanced Hair Restoration LLC*,
2026 WL 2138552 (C.D. Cal. July 24, 2026) .......... 4, 6

*Brown v. Google LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2021) .......... 7, 14

*Brown v. Google LLC*,
685 F. Supp. 3d 909 (N.D. Cal. 2023) .......... 12, 14

*Campbell v. Select Med. Corp.*,
2026 WL 2056651 (C.D. Cal. July 14, 2026) .......... 6, 8, 11, 12

*Camplisson v. Adidas Am., Inc.*,
809 F. Supp. 3d 1095 (S.D. Cal. 2025) .......... 2

*Casillas v. Six Flags Entm't Corp.*,
812 F. Supp. 3d 1016 (C.D. Cal. 2025) .......... 9, 11

*Correia v. Lulu & Georgia, Inc.*,
2026 WL 2343093 (S.D. Cal. Aug. 12, 2026) .......... 4, 11

*Cousin v. Sharp Healthcare*,
702 F. Supp. 3d 967 (S.D. Cal. 2023) .......... 13

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) .......... 3

*Doe v. City of New York*,
15 F.3d 264 (2d Cir. 1994) .......... 1

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) .......... 9, 10, 11

*Doe v. GoodRx Holdings, Inc.*,
2025 WL 2052302 (N.D. Cal. July 22, 2025) ..... 12

*Doe v. Tenet Healthcare Corp.*,
789 F. Supp. 3d 814 (E.D. Cal. 2025) ..... 7, 9, 12, 13

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ..... 14

*Federal Bureau of Investigation v. Fikre*,
601 U.S. 234 (2024) ..... 3

*Flanagan v. Flanagan*,
27 Cal. 4th 766 (2002) ..... 9, 12

*Gabrielli v. Haleon US Inc.*,
815 F. Supp. 3d 852 (N.D. Cal. 2025) ..... 4, 11

*Garcia v. Truist Fin. Corp.*,
825 F. Supp. 3d 1149 (C.D. Cal. 2026) ..... 11

*Gompper v. VISX, Inc.*,
298 F.3d 893 (9th Cir. 2002) ..... 3

*Gutierrez v. Converse Inc.*,
2025 WL 1895315 (9th Cir. July 9, 2025) ..... 10

*Harrill v. Emanuel Med. Ctr.*,
2025 WL 1635428 (E.D. Cal. June 9, 2025) ..... 6

*Hassid v. Alex and Ani, LLC*,
816 F. Supp. 3d 1196 (C.D. Cal. 2026) ..... 14

*Hernandez v. Hillsides, Inc.*,
47 Cal. 4th 272 (2009) ..... 13

*Hill v. Nat'l Collegiate Athletic Ass'n*,
7 Cal. 4th 1 (1994) ..... 13

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) ..... 5

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ..... 4, 13

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) ..... 11

*Javier v. Assurance IQ, LLC*,
649 F. Supp. 3d 891 (N.D. Cal. 2023) ..... 9

*Javier v. Assurance IQ, LLC*,
2022 WL 1744107 (9th Cir. May 31, 2022) .......... 11

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) .......... 12

*L.B. v. LinkedIn Corp.*,
2025 WL 2899514 (N.D. Cal. Oct. 10, 2025) .......... 12

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) .......... 2

*Mikulsky v. Bloomingdale's, LLC*,
2025 WL 1718225 (9th Cir. June 20, 2025) .......... 11

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023) .......... 5

*Norman-Bloodsaw v. Lawrence Berkeley*,
Lab., 135 F.3d 1260 (9th Cir. 1998) .......... 1

*People v. Avery*,
27 Cal. 4th 49 (2002) .......... 10

*People v. Nakai*,
183 Cal. App. 4th 499 (2010) .......... 14

*Petris v. Sportsman's Warehouse, Inc.*,
736 F. Supp. 3d 260 (W.D. Pa. June 3, 2024) .......... 3

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) .......... 2, 4

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024) .......... 5, 7

*R.S. v. Prime Healthcare Servs., Inc.*,
2025 WL 103488 (C.D. Cal. Jan. 13, 2025) .......... 8

*Ramirez v. LasikMD USA, Inc.*,
2026 WL 194855 (S.D. Cal. Jan. 26, 2026) .......... 6

*Ribas v. Clark*,
38 Cal. 3d 355 (1985) .......... 9

*Riganian v. LiveRamp Holdings, Inc.*,
791 F. Supp. 3d 1075 (N.D. Cal. 2025) .......... 8

*Rodriguez v. Ink Am. Int'l Grp., LLC*,
2025 Cal. Super. LEXIS 84257 (Cal. Super. Ct. Dec. 10, 2025) .......... 11

*Roe v. Amgen Inc.*,
2024 WL 2873482 (C.D. Cal. June 5, 2024) .......... 13

*Shah v. MyFitnessPal, Inc.*,
824 F. Supp. 3d 906 (N.D. Cal. 2026) .......... 4

*Smith v. Google, LLC*,
735 F. Supp. 3d 1188 (N.D. Cal. 2024) .......... 14

*Smith v. Rack Room Shoes, Inc.*,
2025 WL 1085169 (N.D. Cal. Apr. 4, 2025) .......... 13

*Smith v. Rack Room Shoes, Inc.*,
2025 WL 2210002 (N.D. Cal. Aug. 4, 2025) .......... 4, 7, 8

*St. Aubin v. Carbon Health Techs., Inc.*,
2024 WL 4369675 (N.D. Cal. Oct. 1, 2024) .......... 13

*Sussman v. Am. Broad. Cos.*,
186 F.3d 1200 (9th Cir. 1999) .......... 7

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 2, 4

**STATUTES**

18 U.S.C. § 2510 .......... 1

28 U.S.C. § 636(b)(1) .......... 2

28 U.S.C. § 636(b)(1)(C) .......... 2

Cal. Pen. Code § 630 .......... 2, 9, 10, 14

Cal. Pen. Code § 631 .......... 1, 9, 11, 15

Cal. Pen. Code § 631(a) .......... passim

Cal. Pen. Code § 632 .......... passim

Cal. Pen. Code § 632(c) .......... 12

Cal. Pen. Code § 632.01 .......... 14

Cal. Pen. Code § 638.51 .......... 11

Cal. Pen. Code § 638.52 .......... 11

**RULES**


9th Cir. R. 36-3 .......... 11

9th Cir. R. 36-3(a) .......... 11

Fed. R. Civ. P. 12(b)(1) .......... 3

Fed. R. Civ. P. 12(b)(6) .......... 3

Fed. R. Civ. P. 15(a)(2) .......... 14

Fed. R. Civ. P. 72(b)(3) .......... 2

Fed. R. Civ. P. 72(b)(2) .......... 2

**INTRODUCTION**

There are "few subject areas more personal and more likely to implicate privacy interests than that of one's health or genetic make-up." *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) (citing *Doe v. City of New York*, 15 F.3d 264 (2d Cir. 1994) ("Extension of the right to confidentiality to personal medical information recognizes there are few matters that are quite so personal as the status of one's health.")). On or about May 6, 2025, Plaintiff Gisela Gonzalez Merical used Defendant The Joint Corp.'s website, www.thejoint.com (the "Website"), to obtain treatment. Complaint ("Compl."), ECF No. 1 at ¶¶ 1–4, 9–13. She gave Defendant her full legal name, telephone number, email address, and clinic of choice, "with the understanding that it would remain confidential between her and Defendant." *Id.* ¶ 10. Unbeknownst to her, Defendant had embedded third-party tracking technologies from Google LLC ("Google"); Microsoft Corporation ("Microsoft"); The Trade Desk, Inc. ("TradeDesk"); and TikTok Inc. ("TikTok") (collectively, the "Third Parties") on its Website "to assist with its marketing efforts" and "intentionally configured" them to capture the contents of patient communications, including "the buttons, links, pages, full-length URLs, and tabs they click/view related to the services sought from Defendant") *Id.* ¶¶ 4, 23–30, 96–116; Figs. 5–10.

The resulting disclosures were not anonymous—the screenshots in the Complaint confirm this to be true. *See e.g.* Compl. ¶¶ 96–116, Figs. 5–10. "[T]he disclosed information also includes the precise clinic where treatment is to take place, along with the patient's unhashed email address, phone number, and full name," so that "Third Parties are readily able to identify the exact patient who seeks chiropractic care, and where they seek it." *Id.* ¶ 105; *see also* Figs. 5–10 (exemplar transmissions to each Third Party). Plaintiff alleges her own communications were intercepted "in the same manner described" throughout the Complaint. *Id.* ¶ 30; *see also* Compl. ¶ 11. Defendant's conduct, as describer throughout the Complaint, violates the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*; the California Invasion of Privacy Act, Cal. Pen. Code § 631–32; and Invasion of Privacy under California's Constitution. Defendant moved to dismiss (ECF No. 8); Plaintiff opposed (ECF No. 10); Defendant replied (ECF No. 13); and the Parties submitted supplemental briefing. ECF Nos. 22–23.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), 28 U.S.C. § 636(b)(1)(C), and Local Rule 304(b), Plaintiff objects to portions of the Findings and Recommendations entered August 3, 2026 (ECF No. 25) (the "F&R"), as described herein. Plaintiff objects to, and seeks de novo review of the following recommendations: (i) Article III standing; (ii) the ECPA recommendation; (iii) the alternative holding that Cal. Penal Code § 631(a) does not reach the internet, which cannot be squared with Cal. Penal Code § 630; (iv) the § 632 recommendation, which resolves an objective, fact-intensive inquiry on the pleadings; and (v) the constitutional privacy recommendation, which is wholly derivative of the first error.

Plaintiff does not object to every part of the F&R; Plaintiff concurs with the Honorable Judge Boone's refusal to decide consent on a record of dueling declarations, his rejection of a supposed "presumption" that internet communications are never confidential, and his holding that § 632 reaches internet conduct. Section VI identifies those portions and explains why several are irreconcilable with the adverse recommendations elsewhere in the F&R. Plaintiff does not object as to punitive damages, which she withdrew. ECF No. 10 at 19 n.3.

## STANDARD OF REVIEW

A party may serve and file specific written objections to a magistrate judge's proposed findings and recommendations on a dispositive motion. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1); L.R. 304(b). The district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1)(C).

The underlying legal standards are equally settled. Under Article III, a plaintiff must "have suffered an 'injury in fact' that is both 'concrete and particularized.'" *Popa v. Microsoft Corp.*, 153 F.4th 784, 788 (9th Cir. 2025) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "[A]n intangible injury, such as a privacy harm, is "concrete" when it bears a 'close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts.'" *Camplisson v. Adidas Am., Inc.*, 809 F. Supp. 3d 1095, 1105 (S.D. Cal. 2025) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021)).

Federal Rule of Civil Procedure 12(b)(6) provides a mechanism to test the legal sufficiency of the complaint. Dismissal is appropriate only when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a complaint, the court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) . Crucially, "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a plaintiff has failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (internal quotations omitted).

## ARGUMENT

### I. PLAINTIFF ADEQUATELY ALLEGES ARTICLE III STANDING

The F&R recommends that Defendant's motion "be GRANTED as to standing" because Plaintiff "has not alleged specific personal or health information she disclosed that implicates a protectable privacy interest" because she did not plead "what condition she allegedly sought care for." F&R at 13, 21–22, 33. That is wrong. Defendant's Rule 12(b)(1) challenge was facial, so the Court must assume the Complaint's allegations are true and draw all reasonable inferences in Plaintiff's favor. *Federal Bureau of Investigation v. Fikre*, 601 U.S. 234, 237 n.1 (2024) ("The general rule" for Rule 12(b)(1) motions challenging subject-matter jurisdiction is to take allegations "as true unless denied or controverted by the movant") (citations omitted). The F&R did neither.

#### A. Defendant Disclosed Information Concerning Plaintiff's Appointment for Chiropractic Care

To establish a concrete and particularized injury, the injury suffered must be one traditionally recognized by American courts. *Petris v. Sportsman's Warehouse, Inc.*, 736 F. Supp. 3d 260, 270–71 (W.D. Pa. June 3, 2024) ("The focus of the analysis for Article III purposes is the harm, not the cause of action or remedy. In other words . . . [i]t is not necessary . . . for a plaintiff asserting such a claim to plead or establish the elements of a traditional cause of action, but rather, only that an analogous harm exists"). A plaintiff need show only an injury bearing "a close relationship to a harm

traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424–25 (2021). "Disclosure of private information" is such a harm. *Id.* at 425. The Ninth Circuit has held that a defendant's tracking and collection practices cause "harm or a material risk of harm to [plaintiffs'] interest in controlling their personal information." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598–99 (9th Cir. 2020). *Popa* merely asks whether the disclosure concerned "embarrassing, invasive, or otherwise private information." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

The F&R's reliance on *Popa* misplaced. *Popa* is inapposite to the tracking at issue here because it involved tracking via "session-replay technologies" which were ***anonymous***. *Id.* at 786 (emphasis added). As the Ninth Circuit explained, this technology "seem[ed] most similar to a store clerk's observing shoppers in order to identify aisles that are particularly popular or to spot problems that disrupt potential sales." *Id.* at 791–92. By contrast, here Plaintiff alleges disclosure of her personally identifiable information, booking location, patient status, and type of healthcare treatment received to undisclosed Third Parties. Compl. ¶¶ 9–12, 30, 96–116, Figs. 5–10. The F&R was also unpersuaded by *Smith v. Rack Room Shoes, Inc.*, 2025 WL 2210002 (N.D. Cal. Aug. 4, 2025) as it did not discuss "the effect of TransUnion as described by the Ninth Circuit in *Popa*" (F&R at 25 n.9); however a number of courts similarly situated have found standing under materially similar circumstances even under *Popa*. *Compare* F&R at 25 n.9 *with Gabrielli v. Haleon US Inc.*, 815 F. Supp. 3d 852, 863–67 (N.D. Cal. 2025) (Article III standing); *Correia v. Lulu & Georgia, Inc.*, 2026 WL 2343093, at *3–4 (S.D. Cal. Aug. 12, 2026) (same); *Shah v. MyFitnessPal, Inc.*, 824 F. Supp. 3d 906, 913–14 (N.D. Cal. 2026) (same); *Brayfield v. Advanced Hair Restoration LLC*, 2026 WL 2138552, at *3 (C.D. Cal. July 24, 2026).

Nor is it accurate that Plaintiff failed to identify what information of hers was disclosed. The F&R faults her for not specifying "what 'other information related to her appointment booking' she entered." F&R at 2, 10–11, 21. However, the operative allegations are that Defendant disclosed Plaintiff's full name, email address, telephone number, and the precise clinic at which she would be treated, in the course of booking chiropractic care, such that the Third Parties could "identify the exact patient who seeks chiropractic care, and where they seek it." Compl. ¶¶ 10, 30, 104–05. That

is not “basic contact information” untethered to context; it is contact information fused to ***patient status*** at an identified treatment location specifically for chiropractic care. *See e.g. R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 886, 900–03 (C.D. Cal. 2024). Such disclosures expressly connect a patient—and all their identifiable details—to a provider of healthcare. *See generally* Compl. ¶¶ 10, 30, 96–116.

The F&R’s reliance on *I.C. v. Zynga, Inc.* and *Mikulsky v. Noom, Inc.*, does not compel a different result as in both cases the court could not tell what was disclosed or in what context. *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1050 (N.D. Cal. 2022) (finding the plaintiffs’ allegations "suggest[] that their anonymity is preserved"); *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 865 (S.D. Cal. 2023) ("in this case, Plaintiff alleges that Defendant recorded her ‘personal information’ without specifying what type of information"). The disclosures at issue here go beyond anonymous website tracking or mere contact information because Defendant disclosed Plaintiff and Class Member’s personally identifiable information, patient status, type of healthcare treatment, and appointment location to Third Parties. Compl. ¶¶ 10, 30, 96–116; *see e.g.* Figs. 5–10.

**B. The F&R Weighed The Allegations Rather Than Accepting Them**

The F&R states that it is “not completely sure how [that the Website exists for chiropractic care] . . . moves Plaintiff’s allegations into establishing that she shared her own PHI and/or PII,” that it is “struck” by the pleading, and that it finds it “a stretch to believe” Plaintiff had a reasonable expectation of privacy. F&R at 16, 21–22, 31. Not so.

That Plaintiff’s personally identifiable information was disclosed to a chiropractor (i.e. a provider of health services), along with her appointment location (Compl. ¶¶ 9–12, 30, Figs. 5–10) is dispositive of the issue, as Defendant therefore disclosed her ***patient status and type of healthcare treatment received*** to Third Parties. Regardless, ambiguities should be resolved in favor of Plaintiff on a motion to dismiss. A court that is “not completely sure” on a facial attack must deny the motion, because every reasonable inference belongs to Plaintiff. The F&R also faulted Plaintiff for accessing the Website “only one time,” *id.* at 21, but no authority conditions a privacy injury on repetition—a single unconsented disclosure of a patient’s identity and treatment location is a completed harm.

The F&R's own authority forecloses its conduct. The F&R quotes *Bowen* for the rule that intertwined jurisdictional and merits questions must be resolved under a summary-judgment standard, with factual disputes left to the trier of fact, and it acknowledges that standing and the merits "have a tendency to bleed into one another in this area of the law." F&R at 4 (citing *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1143 (9th Cir. 2024)). In spite of recognizing intertwinement is better left for the trier of fact, the F&R resolved doubt against Plaintiff.

**C. The F&R's Distinctions Do Not Hold**

The F&R attempts to distinguish *Ramirez v. LasikMD USA, Inc.*, 2026 WL 194855 (S.D. Cal. Jan. 26, 2026), and *Brayfield v. Advanced Hair Restoration LLC*, 2026 WL 2138552, as "close case[s]" turning on identification of a "specific medical procedure." F&R at 14, 18. But chiropractic care ***is*** a specific course of treatment delivered by a licensed provider at an identified clinic, it is not a generic web search. Indeed, the F&R recognized the *Brayfield* court found standing where "name, email address, phone number, preferred clinic location, and date and time of the appointment into [the defendant's] online form." *See* F&R at 18. That is precisely what Plaintiff alleges here. Compl. ¶¶ 10 ("Plaintiff provided Defendant with her full legal name, phone number, email address, clinic of choice, and other information related to her appointment booking."), 28, 96–116; *see also Campbell v. Select Med. Corp.*, 2026 WL 2056651, at *3 (C.D. Cal. July 14, 2026) ("That information is directly tied to Plaintiff's individual health status and treatment plan, so the disclosure of that information may serve as a cognizable injury.").

*Beltran* and *Harrill,* on which the F&R relies, are not to the contrary. Neither turned on the absence of a diagnosis. *Harrill*'s plaintiff "vaguely alleges that she used the Website to search for information related to 'actual or potential' health conditions . . . . [but] does not describe the types of searches she conducted or the webpages she viewed." *Harrill v. Emanuel Med. Ctr.*, 2025 WL 1635428, at *2 (E.D. Cal. June 9, 2025). What defeated those complaints was the absence of any account of the plaintiff's own activity: "Plaintiff d[id] not identify with specificity what information she provided to Defendants via her browsing activity on the Website and thus what information was subsequently transmitted to Meta." *Id.* at *4. Only "one paragraph" of a fifty-page complaint described those interactions. *Id.*; *accord Beltran v. Drs. Med. Ctr. of Modesto*, 2025 WL 1635467,

at *5 (E.D. Cal. June 9, 2025) (same defect; "Plaintiffs do not allege that they visited the . . . webpage. . . . Thus, Plaintiffs' allegations of examples are insufficient"). Plaintiff's Complaint has the specificity those complaints lacked: it identifies what she supplied—her full legal name, telephone number, email address, and clinic of choice—and reproduces the transmission of that information to each Third Party. Compl. ¶¶ 10, 30, 104–05; Figs. 5–10.

## II. PLAINTIFF STATES A CLAIM UNDER THE ECPA

The ECPA's party exemption "has its own carve-out known as the crime-tort exception": a party remains liable where the communication is "intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." *Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 848 (E.D. Cal. 2025). "The focus is not upon whether the interception itself violated another law; it is upon whether the purpose for the interception—its intended use—was criminal or tortious." *Sussman v. Am. Broad. Cos.*, 186 F.3d 1200, 1202 (9th Cir. 1999). The F&R sets that standard aside on two grounds. Both are wrong.

### A. The Crime-Tort Exception Does Not Require A HIPAA Predicate

The F&R discounts Plaintiff's authorities as "generally involv[ing] a violation of HIPAA that necessitated the application of the party-crime exception." F&R at 25. HIPAA is one sufficient predicate; not the sole one. Courts in this Circuit routinely apply the exception where the pleaded predicate is a state-law privacy tort. *R.C.*, 733 F. Supp. 3d at 901–02 (exception applies "if plaintiffs have adequately alleged that the defendant's conduct violated state law, including state law privacy claims"); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1067 (N.D. Cal. 2021); *Smith v. Rack Room Shoes, Inc.*, 2025 WL 2210002, at *5 (N.D. Cal. Aug. 4, 2025). Indeed, in *Doe v. Tenet* the court held that "the intentional disclosure of private information constitute[s] a further impropriety independent and separate from the interception of private information." 789 F. Supp. 3d at 849.

Here, Defendant is a chiropractic provider; Plaintiff was booking treatment; and the disclosure paired her unhashed full name, email address, and telephone number with the identity of the clinic where her care would be delivered. Compl. ¶¶ 10, 23, 104–05. That *is* patient status, and patient status is protected health information. Nothing more is required—and certainly not the diagnosis the F&R demanded. The same answer disposes of the standing recommendation: the

federal statute defining protected health information asks only whether the information relates to the provision of health care and identifies the patient. Plaintiff's allegations satisfy both.

**B. Plaintiff's ECPA Claim Does Not Depend On Her State-Law Claims**

The F&R next reasons that "Plaintiff fails to state any of her state-law claims, meaning that there is not criminal or tortious act to tie to Plaintiff's ECPA claim." F&R at 25. Plaintiff posits that because the F&R's state-law rulings are themselves erroneous, this fails on its own terms as well.

Here, Plaintiff alleges Defendant embedded the trackers "to assist with its marketing efforts" and for "monetary and/or marketing gain," Compl. ¶¶ 23, 142 , and disclosed her communications "while knowing or having reason to know that the information was obtained" unlawfully. *Id.* ¶¶ 96, 100, 143–45. Read in her favor, those allegations plead an independent tortious purpose, and a profit motive does not immunize the interception. *Campbell*, 2026 WL 2056651, at *3; *Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1090 (N.D. Cal. 2025); *R.S. v. Prime Healthcare Servs., Inc.*, 2025 WL 103488, at *7 (C.D. Cal. Jan. 13, 2025).

Although the F&R declines to follow *Smith v. Rack Room* because that court "applied *In re Facebook* without discussing the effect of *TransUnion* as described . . . in *Popa*" (F&R at 25 n.9), that conflates two questions. *Popa* is a standing decision; it did not abrogate *In re Facebook*. Moreover, a number of courts throughout the state have upheld similar claims to *Rack Room*. Plaintiff requests that the Court decline to adopt the recommendation at F&R 24–25 and hold that the Complaint states an ECPA claim.

## III. PLAINTIFF STATES A CLAIM UNDER CIPA SECTION 631

The F&R concludes "in the alternative, that § 631(a) does not apply to cases involving the internet"—as to every clause—while acknowledging that "the issue . . . remains an open question" and recommending leave to amend "for purposes of preservation." F&R at 29. A recommendation that dismisses a claim on an admittedly open question of state law, against the weight of authority, should not be adopted.

**A. Plaintiff Proceeds Under The Second And Third Clauses, Not The First**

The F&R answers a question this case does not present. Section 631(a) "creates four avenues for relief," and only the *first* reaches a person who "intentionally taps, or makes any unauthorized

connection . . . with any telegraph or telephone wire, line, cable, or instrument." *Tenet*, 789 F. Supp. 3d at 836 (quoting *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 897 (N.D. Cal. 2023)). ***Plaintiff does not bring her claim under the first clause.*** She proceeds under the second clause—reading, attempting to read, or attempting to learn the contents of a communication "while the same is in transit"—and under the third clause, which reaches one who "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained" to provide a basis for her claim under the fourth clause. Cal. Penal Code § 631(a); *Tenet*, 789 F. Supp. 3d at 836–38 (analyzing the second and fourth clause of Section 631(a)). Neither clause contains the word "telegraph" or "telephone." Courts say so expressly. *See Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1115 (N.D. Cal. 2025) ("The first clause is not implicated here because nobody tapped a 'telegraph or telephone wire, line, cable, or instrument.'"); *Casillas v. Six Flags Entm't Corp.*, 812 F. Supp. 3d 1016, 1031 (C.D. Cal. 2025) (first clause does not reach internet conduct, but the remaining clauses do). The F&R never distinguishes among the clauses. It extends first-clause reasoning to the clauses Plaintiff actually pleads.

### B. Section 630 Forecloses The F&R's Reading

The Legislature did not leave CIPA's reach to inference. It enacted a declaration of purpose. Cal. Penal Code § 630. Section 630 is enacted statutory text, not legislative history. It tells courts that CIPA was written to reach "new devices and techniques" not yet invented in 1967—which is why the California Supreme Court has construed the chapter to serve that protective purpose. *Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985) (Section 631 "was aimed at one aspect of the privacy problem—eavesdropping, or the secret monitoring of conversations by third parties"); *Flanagan v. Flanagan*, 27 Cal. 4th 766, 775–77 (2002). It also forecloses the F&R's reliance on judicial speculation about what the 1967 Legislature "could have imagined." F&R at 26. A court may not substitute its own view of legislative purpose for the Legislature's express declaration.

### C. *Doe v. Eating Recovery Center* Dicta Is Not Dispositive As To Clause Two

The F&R relies heavily on dicta in Judge Chhabria's *summary judgment* decision to foreclose Plaintiff's clause two and three arguments. *Doe v. Eating Recovery Ctr.*, 806 F. Supp. 3d at 1116–

18. However, the California Legislature's intent outlined in Cal. Penal Code § 630 is dispositive. The Legislature expressed:

> The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society.
>
> The Legislature by this chapter intends to protect the right of privacy of the people of this state.

Cal. Penal Code § 630. Judge Chhabria acknowledges Cal. Penal Code § 630, framing his contrary observations as questions rather than holdings. 806 F. Supp. 3d at 1118–19. Those observations are dicta; § 630 is law. Where dicta and legislative command conflict, the statute governs.

Nor does the rule of lenity change the analysis. Lenity is a doctrine of last resort. Under California law it "applies only if the court can do no more than guess what the legislative body intended; there must be an egregious ambiguity and uncertainty to justify invoking the rule," and it is "inapplicable unless two reasonable interpretations of the same provision stand in relative equipoise." *People v. Avery*, 27 Cal. 4th 49, 57–58 (2002) ("The rule [of lenity] applies only if the court can do no more than guess what the legislative body intended; there must be an egregious ambiguity and uncertainty to justify invoking the rule"). Section 630 removes any ambiguity. And the second clause is, by its text, technology-neutral: it reaches anyone who "in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable." Cal. Penal Code § 631(a). Internet communications do pass over wires, lines, and cables.

**D. The F&R's Remaining Authority Is Non-Precedential Or Inapposite**

Judge Bybee's concurrence in *Gutierrez v. Converse Inc.*, 2025 WL 1895315 (9th Cir. July 9, 2025), addressed only § 631(a)'s first clause—the clause Plaintiff does not invoke. The panel affirmed on the second and fourth clauses for want of evidence at summary judgment, not because the statute is inapplicable to the internet. *Id.* at *1. The disposition states that it "is not precedent

except as provided by Ninth Circuit Rule 36-3." *Id.*; *see* 9th Cir. R. 36-3(a). The F&R thus gave dispositive weight to one judge's views about clause one in order to dismiss claims under other clauses—while rejecting the panel statement in *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022), as unreasoned dicta. Both are memoranda; the F&R credits one and discards the other. Three weeks before *Gutierrez*, moreover, a panel including Judge Bybee reversed a Rule 12(b)(6) dismissal of a § 631(a) claim arising from website tracking code, holding the complaint adequately alleged that providers were enabled "to read, attempt to read, or to learn the contents" of website communications "while the same [was] in transit." *Mikulsky v. Bloomingdale's, LLC*, 2025 WL 1718225, at *1 (9th Cir. June 20, 2025). *Mikulsky* is the closer analogue: same statute, same operative clauses, same posture.

The superior court orders are not authority for this proposition either. The F&R gave "the final words" to *Rodriguez v. Ink Am. Int'l Grp., LLC*, 2025 Cal. Super. LEXIS 84257 (Cal. Super. Ct. Dec. 10, 2025) , and *Blaker v. NetScout Sys., Inc.*, 2026 WL 1709143 (Cal. Super. Ct. May 26, 2026). Both construed Cal. Penal Code §§ 638.51 and 638.52—the pen register and trap-and-trace provisions—not § 631. Plaintiff pleads no § 638.51 claim and said so. ECF No. 23 at 1 n.1. The F&R does not address that distinction.

Indeed, California courts continue to sustain § 631 claims arising from website tracking technologies. *See e.g. Garcia v. Truist Fin. Corp.*, 825 F. Supp. 3d 1149, 1166–68 (C.D. Cal. 2026); *Campbell*, 2026 WL 2056651, at *4; *Haleon US Inc.*, 815 F. Supp. 3d at 870–71; *Casillas*, 812 F. Supp. 3d at 1031; *Correia*, 2026 WL 2343093, at *4. Plaintiff collected many more in her supplemental brief, ECF No. 23 at 1–3; the F&R engages with none of them.

**E. Plaintiff Alleges "Contents" Read "In Transit"**

Because the F&R rested on categorical inapplicability, it never reached "contents" or "in transit." Both are satisfied. Detailed URLs that reveal the specific service a user is viewing are contents as a matter of law. *Doe v. Eating Recovery Ctr.*, 806 F. Supp. 3d at 1115–16; *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1108–09 (9th Cir. 2014). Plaintiff alleges Defendant disclosed "the URLs of every page [users] visit, including during the booking process," together with the ailment selected and the clinic chosen. Compl. ¶¶ 100–01, 104–05. As to transit, the ECPA and § 631(a) require only

acquisition "during transmission, not while it is in electronic storage," *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002), and "allegations that [communications] are intercepted in real time through the use of computer code provide[] sufficient factual detail to support the 'in transit' requirement," *Tenet*, 789 F. Supp. 3d at 838 (quotations omitted). Plaintiff's allegations here suffice. Compl. ¶¶ 11, 100–01. Plaintiff therefore requests that the Court decline to adopt the alternative recommendation at F&R 26–29 and hold that she states a claim under § 631(a)'s second and third clauses such that the fourth clause applies.

## IV. PLAINTIFF STATES A CLAIM UNDER CIPA SECTION 632

A communication is confidential under § 632 if a party "has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Flanagan*, 27 Cal. 4th at 776–77. That is "a fact-intensive inquiry" that is "often too difficult to resolve at the pleadings stage." *Brown v. Google LLC*, 685 F. Supp. 3d 909, 937 (N.D. Cal. 2023).

The F&R resolved it anyway, concluding that Plaintiff's allegations "do not support that she had an objectively reasonable expectation" of confidentiality because "the type of information Plaintiff alleges is generic in nature." F&R at 31.

Plaintiff alleges she supplied her information "with the understanding that it would remain confidential between her and Defendant," and that she reasonably expected her appointment communications to remain private. Compl. ¶¶ 3, 10, 163–64, 174. Those allegations must be accepted as true. Communications with a healthcare provider are not generic, web browsing. *Doe v. GoodRx Holdings, Inc.*, 2025 WL 2052302, at *14 (N.D. Cal. July 22, 2025) ; *L.B. v. LinkedIn Corp.*, 2025 WL 2899514, at *18 (N.D. Cal. Oct. 10, 2025) ("[c]ommunications made in the context of a patient-medical provider relationship are readily distinguishable from online communications in general"); *Campbell*, 2026 WL 2056651, at *4 ("[i]t is almost axiomatic that communications seeking treatment for specific medical conditions constitute confidential communications").

The F&R's remaining rationale—that Plaintiff "sought to use Defendant's Website to have another party review information and ostensibly schedule her for an appointment" (F&R at 31)—misconstrues her allegations. Every confidential communication has an intended recipient. Section 632 asks whether the communication was confined to the parties, Cal. Penal Code § 632(c) , not

whether it had a recipient at all. Under the F&R's reasoning, no patient could ever communicate confidentially with a provider. Plaintiff requests that the Court decline to adopt the recommendation at F&R 29–31 and hold that the Complaint states a § 632 claim, including on the derivative-liability theory. ECF No. 10 at 15–16; *Smith v. Rack Room Shoes, Inc.*, 2025 WL 1085169, at *5 (N.D. Cal. Apr. 4, 2025).

## V. PLAINTIFF STATES A CLAIM FOR INVASION OF PRIVACY UNDER THE CALIFORNIA CONSTITUTION

The F&R states it has "no hesitation" in rejecting this claim "[f]or substantially similar reasons discussed in the standing analysis, as well as the discussion regarding § 632," and concludes that because Plaintiff failed on reasonable expectation of privacy, "she also necessarily fails to meet that any intrusion would be highly offensive." F&R at 32. Two errors follow.

*First*, the claim is derivative of rulings that are themselves wrong. Under *Hill*, a plaintiff must plead a legally protected privacy interest, a reasonable expectation of privacy, and a serious invasion. *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35–37 (1994); *accord In re Facebook*, 956 F.3d at 601. California law recognizes a privacy interest in medical information as a matter of law. *St. Aubin v. Carbon Health Techs., Inc.*, 2024 WL 4369675, at *12 (N.D. Cal. Oct. 1, 2024). And this District has held that allegations that a provider's website divulged information relating to "specific medical conditions, diagnoses, treatment, treating physicians, ***and patient status***" plead both a legally protected interest and a reasonable expectation of privacy. *Tenet*, 789 F. Supp. 3d at 843. Sections I and IV above establish that Plaintiff pleaded both elements.

*Second*, the F&R itself recognized that "courts are hesitant to resolve '[w]hether an alleged intrusion is highly offensive' at the motion to dismiss stage," F&R at 31 (citing *Cousin*, 702 F. Supp. 3d at 974; *Roe v. Amgen Inc.*, 2024 WL 2873482, at *4 (C.D. Cal. June 5, 2024)) and then resolved it in the next paragraph, treating it as automatically following from the expectation-of-privacy element. The two elements are distinct. Whether a chiropractic provider's surreptitious routing of patient identities and treatment locations to four advertising platforms, for its own gain, exceeds "the limits of decency" cannot be answered against Plaintiff on the pleadings. *Hernandez v. Hillsides,*

*Inc.*, 47 Cal. 4th 272, 295 (2009). Plaintiff requests that the Court decline to adopt the recommendation at F&R 31–32.

## VI. PLAINTIFF REQUESTS THE COURT TO ADOPT THE REMAINING PORTIONS OF THE F&R

*First*, the Magistrate Judge correctly declined to reach consent, because the competing Cline and Westcot Declarations "require looking to declarations outside of the complaint and implicate a disputed, material fact." F&R at 23. Consent is Defendant's burden, *Brown*, 525 F. Supp. 3d at 1063, and this holding also defeats any argument that amendment would be futile.

*Second*, he correctly rejected a supposed presumption that internet communications are never confidential, holding that "many district courts have perhaps overstated California law" on the point, that *People v. Nakai*, 183 Cal. App. 4th 499 (2010) , "broke no new ground," and that "[t]his Court will not rely on shortcuts." F&R at 30–31. That accords with *Brown*, 685 F. Supp. 3d at 938, and *Smith v. Google, LLC*, 735 F. Supp. 3d 1188, 1199 (N.D. Cal. 2024).

*Third*, he correctly held that Defendant's "general argument that § 632 does not apply to internet cases is patently untrue," because Cal. Penal Code § 632.01 "explicitly brings § 632 into the realm of internet cases." F&R at 29–30. That ruling cannot be reconciled with the alternative § 631(a) holding challenged above. If CIPA governs internet communications, the Legislature's declaration in § 630 that the chapter reaches "new devices and techniques" applies with equal force to § 631(a).

*Fourth*, he correctly agreed that Plaintiff's use of representative users "alongside corresponding screenshots and well-pleaded facts do not discount Plaintiff's claims." F&R at 10 n.5 (citing *Hassid v. Alex and Ani, LLC*, 816 F. Supp. 3d 1196, 1201 (C.D. Cal. 2026)). That ruling undercuts the F&R's later criticism that Plaintiff pleaded "hypotheticals."

*Fifth*, he correctly recognized that patients hold a privacy interest in their health information and that "highly offensive" is not a question for the pleadings. F&R at 31. Plaintiff asks the Court to adopt those statements of law—and to apply them, which the F&R did not.

*Sixth*, should the Court adopt any portion of the F&R recommending dismissal, Plaintiff agrees leave to amend should be granted. F&R at 32; Fed. R. Civ. P. 15(a)(2); *Eminence Cap., LLC*

*v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Plaintiff does not object as to punitive damages, which she withdrew. ECF No. 10 at 19 n.3.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) decline to adopt the recommendation as to Article III standing; (2) decline to adopt the alternative recommendation as to the ECPA; (3) decline to adopt the alternative recommendation that Cal. Penal Code § 631 does not apply to internet communications, and hold that Plaintiff states a claim under § 631's second and third clauses; (4) decline to adopt the alternative recommendation as to Cal. Penal Code § 632; (5) decline to adopt the alternative recommendation as to invasion of privacy under the California Constitution; (6) adopt the portions of the F&R identified in Section VI; and (7) deny the motion in all respects other than punitive damages. In the alternative, Plaintiff requests leave to amend.

Dated: August 17, 2026

**BURSOR & FISHER, P.A.**

By: <u>/s/ *Sarah N. Westcot*</u>
Sarah N. Westcot

Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (admitted *pro hac vice*)
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
E-mail: swestcot@bursor.com
sbeck@bursor.com

*Counsel for Plaintiff*